616 So.2d 1090 (1993)
Adam RIVERS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1307.
District Court of Appeal of Florida, Fourth District.
April 7, 1993.
Richard L. Jorandby, Public Defender, and Robert Friedman, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joan Fowler, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was found guilty by a jury of committing aggravated battery on May 8, 1991. One of the prior offenses included on his scoresheet was a petty theft misdemeanor to which he pled nolo contendere on April 15, 1988. He had been sentenced on that offense to community control on June 20, 1988. Based on his scoresheet, the trial court sentenced appellant to a term of four and one half years and appellant appeals his sentence to this court.
Appellant argues that the trial court erred in including the prior misdemeanor offense because it was disposed of on April 15, 1988, outside the three year period for purposes of scoring prior juvenile dispositions under the sentencing guidelines. Florida Rule of Criminal Procedure 3.701(d)(5)(G) provides as follows:
All prior juvenile dispositions that are the equivalent of convictions as defined in subdivision (d)(2), occurring within three years of the commission of the primary offense and that would have been criminal if committed by an adult, shall be included in prior record.
The Sentencing Guidelines Commission Notes to the 1988 Amendments state as follows:
Juvenile dispositions, with the exclusion of status offenses, are included and considered along with adult convictions by operation of this provision [(d)(5)]. However, each separate adjudication is discharged from consideration if 3 years have passed between the date of disposition and the commission of the instant offense.
The state counters that as the trial court noted on the record, the case was disposed of when appellant was placed on community control for the offense, which happened on June 20, 1988, a time within the window. The crux of this appeal, then, is the definition of the date of disposition. According to Black's Law Dictionary, in a criminal procedure, disposition is "the sentencing or *1091 other final settlement of a criminal case." Black's Law Dictionary 423 (5th ed. 1979). Hence, as appellant offers nothing to challenge his sentence other than his assertion that he was outside the three year window and failed to respond to the state's rebuttal, we affirm.
GLICKSTEIN, C.J., and LETTS and WARNER, JJ., concur.